```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,
                                                            DECISION AND ORDER
                                                            10-CR-6153L

                v.

BENNIE DAVIS,

                                    Defendant.
_____
```

Defendant Bennie Davis ("Davis") is charged in a multi-count indictment with narcotics and firearms offenses. This Court previously referred all pretrial motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Davis, through counsel, filed motions and two of them are at issue here. Davis moved to suppress tangible evidence that was seized from a Range Rover vehicle that was parked in a driveway at the premises at 319 Bernard Street, Rochester, New York. That vehicle was searched during the execution of a search warrant on May 18, 2010. Davis also moved to suppress statements that he allegedly made to police officers after his arrest on that day.

Magistrate Judge Payson conducted a suppression hearing at which three Rochester Police Officers, Jennifer Morales, Andrew MacKenzie and David Swain testified. The defendant elected not to testify.

Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #35) recommending that this Court deny the motions to suppress (Dkt. #13). Defendant duly filed Objections to the Report and Recommendation (Dkt. #38); the Government filed a Response (Dkt.

#41) to defendant's objections and urged the Court to adopt the Magistrate Judge' recommendations.

The matter before this Court requires *de novo* review. I have carefully reviewed the Magistrate Judge's Report and Recommendation, defendant's objections and the Government's response. In addition, transcripts of the two-day suppression hearing (Dkt. #25) were transcribed and prepared for my review. Magistrate Judge Payson set forth in detail the factual matters relevant to the motions. She described the application for the search warrant, its execution and the questioning of defendant Davis after his arrest.

Defendant challenges the recovery of a quantity of crack cocaine from a green Range Rover on the premises at 319 Bernard Street. Davis contended, in the motion to suppress, that the search warrant issued by Monroe County Court Judge Frank Geraci did not authorize a search of the vehicle.

As noted by Magistrate Judge Payson, the warrant authorized a search of the "entire premises" at 319 Bernard Street, including "all its storage areas and curtilage." (Govt, Ex. 1). In a nutshell, Magistrate Judge Payson determined that under the facts of this case, the vehicle was properly searched since it was located within the premises' "curtilage." Magistrate Judge Payson cited several cases (Dkt. #35) at p. 10 that hold in general that parked vehicles may be considered part of the curtilage of a dwelling. After discussing the particular facts of this case, Magistrate Judge Payson determined that although defendant's sister lived in another apartment in the building, the vehicle here was part of the curtilage of Davis's downstairs apartment.

I agree with the Magistrate Judge's summary of the facts and conclusion and find no basis to alter or modify the Magistrate Judge's Report and Recommendation and I therefore, deny Davis's motion to suppress physical evidence.

Magistrate Judge Payson also discussed the circumstances surrounding Davis's statement to Officer Morales as she took pedigree information from him at the police station. Magistrate Judge Payson found no basis to suppress the comments of Davis.

In my view, the facts support the Magistrate Judge's recommendation. Morales was simply eliciting pedigree information directly from Davis and did not engage in interrogation of him. So, even though Davis had previously declined to discuss matters with the arresting officers, the taking of pedigree information incident to the arrest was warranted. The facts further establish that Davis made a spontaneous declaration to Morales expressing regret that he had previously sold drugs to Morales (who was then acting in an undercover capacity) and that he "should have known better." (Transcript of March 15, 2011, p. 34). There was no interrogation and the spontaneous declaration is admissible.

In his Objections before this Court, Davis seeks to suppress statements that he made to Officer David Swain at the Rochester Public Safety Building after his arrest. Davis had filed that motion but the Magistrate Judge's Report and Recommendation did not touch upon the issue. This Court has available to it the original motion papers, the transcript of the suppression hearings and both Davis and the Government have addressed the issue in their filings subsequent to the issuance of the Magistrate Judge's Report and Recommendation.

The testimony was that Davis was advised of his *Miranda* rights, and he acknowledged understanding them. Defendant made certain statements which the officer was memorializing when Davis, at some point during the interview, invoked his *Miranda* rights and declined to speak further. There is no evidence that Davis was under any type of distress or coercion and there is, therefore, no basis to determine that his statements were anything other than knowing and voluntary. Therefore, I find that statements made by Davis up to the time he advised the officer that he no longer wished to speak are properly admissible, should the Government elect to introduce those matters at trial. Statements, if any, made after Davis determined to seek cooperating are precluded.

CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #35) of United States Magistrate Judge Marian W. Payson. I reject and deny defendant's Objections (Dkt. #38).

Defendant Bennie Davis's motions (Dkt. #13) to suppress physical evidence and to suppress statements are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 15, 2011.